UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO. 3:22-CR-96-ASH

ROBERT DAVID DOUGLAS

ORDER

Defendant Robert David Douglas seeks early termination of his term of probation. Mot. [10]. As explained below, his motion is denied.

I.      Facts and Procedural History

Douglas was charged in an August 24, 2022 information with a misdemeanor count of violating 33 U.S.C. § 1319(c)(1)(B), which prohibits the negligent introduction "into a sewer system or into a publicly owned treatment works any pollutant or hazardous substance which such person knew or reasonably should have known could cause personal injury or property damage." 33 U.S.C. § 1319(c)(1)(B). The charges stemmed from Douglas's managerial role at Gold Coast Commodities, Inc., where he remains the Vice President. According to Fifth Circuit, Gold Coast "us[es] saponified poultry and plant fats" to "make[] animal feed," a "process [that] involves, among other things, old restaurant grease and sulfuric acid" and generates "about 6,000 gallons of oily, 'highly acidic,' and 'extremely hot' wastewater each week." *Gold Coast Commodities, Inc. v. Crum & Forster Specialty Ins. Co.*, 68 F.4th 963, 965 (5th Cir. 2023).[1]

---

[1] This is corroborated by Gold Coast's website, which states it "primarily manufactures and sells acidulated vegetable oils." *Our History*, Gold Coast Commodities, https://www.goldcoastcommodities.com/new-history [https://perma.cc/HD39-QHFL] (last visited Dec. 13, 2024).

Douglas consented [3] to proceed before a United States Magistrate Judge and pleaded guilty before United States Magistrate Judge F. Keith Ball on August 31, 2022.

On October 18, 2022, Judge Ball held a sentencing hearing. According to the Statement of Reasons entered following that hearing, the total offense level for the crime of conviction was 4, and Douglas had a criminal history category of I, yielding a guideline sentencing range of zero to six months and placing the case within Zone A of the sentencing table. The Government recommended a sentence of probation, and Douglas's attorney argued for a six-month term of probation and no fine. Judge Ball sentenced Douglas to a three-year term of probation and ordered him to pay a $9,500 fine. Judge Ball noted on the record that the sentence was very lenient under the circumstances and observed that even if the guidelines had been calculated incorrectly, he would have imposed the same sentence.[2]

Two years after sentencing, the case was reassigned to the undersigned, and Douglas moved for early termination of probation. The Government responded in opposition to Douglas's motion, and Douglas filed a timely reply.

II.     Analysis

Douglas represents that he "is in full compliance in all areas of supervision, including having paid all of his fines and assessments in full." Mem. [11] at 2. He says he "has remained gainfully employed and has not violated any of the terms of his probation." *Id.* And he notes that he "has no history of violence," that "[t]here has never been any evidence of alcohol or drug abuse or psychiatric episodes in his life," and that "he is clearly not a risk to public safety." *Id.* at 3. He therefore says he "is an ideal candidate for early termination of probation." *Id.*

---

[2] No transcript was prepared, but the Court has listened to the audio recording of the sentencing hearing.

Title 18 U.S.C. § 3564(c) governs early termination of a term of probation:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

"The statute gives the Court broad discretion to determine whether to grant early termination." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). "Courts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.* (collecting cases).

Douglas has not presented any exceptional or changed circumstances that would justify early termination of his probation. His motion shows only that he has complied with the terms of his probation. Douglas continues to work for Gold Coast. Given the nature of his conviction and Gold Coast's ongoing environmentally sensitive business activities, continued supervision of Douglas through probation is appropriate. Having considered the § 3553(a) factors and finding that nothing has materially changed since Judge Ball considered those factors two years ago, the Court finds that neither Douglas's conduct nor the interest of justice warrants early termination of his probation.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Douglas's motion for early termination of probation [10] is denied.

**SO ORDERED AND ADJUDGED** this the 13th day of December, 2024.

                                            s/ *Andrew S. Harris*
                                            UNITED STATES MAGISTRATE JUDGE